**Robert SIMS, Ralph W. DeLuca and John M. Rouse**

v.

**David FAESTEL, Petren Resources Corporation and McDermott, Will & Emery.**

Civ. A. No. 84–3726.

United States District Court, E.D. Pennsylvania.

July 18, 1986.

Mitchell A. Kramer, Philadelphia, Pa., for plaintiffs.

Judith R. Cohn, James G. Wiles, Philadelphia, Pa., for defendants David Faestel and Petren Resources Corp.

Morris R. Brooke, Horace D. Nalle, Jr., Philadelphia, Pa., for defendant McDermott, Will & Emery.

OPINION

LUONGO, Chief Judge.

Plaintiffs in this action are three limited partners of Petren Oil and Gas Programs 1981A, 1981B, 1982A and 1982B. In August of 1984, they filed a complaint against David Faestel, Petren Resources Corpora-

---

tion (PRC), Faestel Investments, Inc. (FII) and the four Programs. After defendants filed a motion to dismiss, plaintiffs amended their complaint and moved for permission to drop the Programs as defendants and add claims against Arrowstone Corporation, Brian Hucker, Esquire and McDermott, Will & Emery. The amended complaint alleged that defendants sold plaintiffs interests in the Programs without disclosing their intention to commingle and siphon off the Programs' assets and had made material misrepresentations concerning their fitness to manage the Programs. Defendants filed a second motion to dismiss in December of 1984. In an order dated July 2, 1985 I granted plaintiffs' motion to add and drop defendants and dismissed the amended complaint with leave to amend. As I made clear at oral argument, the complaint was dismissed on grounds including plaintiffs' failure to set forth their claims with the specificity required by Fed.R.Civ.P. 9(b) and failure to distinguish between individual and derivative claims.

Plaintiffs have now filed a second amended complaint, naming as defendants Faestel, PRC and McDermott, Will & Emery. The second amended complaint identifies Faestel as the Chairman, President and majority stockholder of PRC and FII; PRC as a general partner of the four Programs; FII as a general partner of Programs 1981A and 1981B; and McDermott, Will & Emery as a law firm which represented the other defendants. Plaintiffs' complaint arises out of PRC's 1981 and 1982 sales of "preformation limited partnership interests" in the Programs to investors including the plaintiffs. Count I charges violations of § 10(b) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.-10b–5. Plaintiffs assert that the offering memoranda, allegedly prepared or reviewed by the McDermott firm and distributed by PRC under Faestel's direction, was materially false and misleading in that it:

(1) failed to disclose that a lawsuit alleging securities law violations was pending against Faestel and FII; (2) failed to disclose that Faestel and FII were in extreme financial difficulty in 1981 and 1982; and (3) represented that investors would receive audited financial statements of the Programs without revealing that PRC reserved the right not to furnish such statements. Count I also charges defendants with engaging in other unspecified acts of fraud and misuse of assets. Counts II–IV set forth state law claims of negligence, breach of fiduciary duty and common law fraud. In Count V, plaintiffs allege that defendants' conduct was "willful, outrageous, wanton and/or reckless."

■ Defendants have again filed motions to dismiss, maintaining that plaintiffs have failed to remedy the defects in their first two complaints. Faestel and PRC argue that the second amended complaint fails to state a cause of action because it contains only generalized accusations of wrongdoing and does not allege reliance, causation or injury. They further assert that plaintiffs' claims are barred by the applicable statute of limitations. McDermott, Will & Emery, in addition to making the above arguments, contends that the complaint must be dismissed as to it for untimely service and lack of personal jurisdiction. Because I agree that the second amended complaint is fatally vague and fails to allege certain crucial elements of a federal securities law violation, I will grant defendants' motions.[1]

As defendants point out, much of the second amended complaint is couched in generalities. The only specific wrongful acts of which defendants are accused are the failures to disclose information concerning a pending lawsuit, the financial problems of Faestel and FII, and PRC's reservation of the right not to provide limited partners with audited financial state-

---

**1.** These facial deficiencies in the second amended complaint provide ample ground for dismissal, and I therefore do not reach the statute of limitations, service and jurisdiction issues. I also decline to consider the documents attached to plaintiffs' responsive memoranda.

ments. Even these allegations cannot survive a motion to dismiss.

In order to state a claim under § 10(b) and Rule 10b–5, a complaint must allege manipulative or deceptive activities "in connection with the purchase or sale" of securities. 15 U.S.C. § 78j(b). Plaintiffs' assertion that defendants distributed misleading information in connection with defendants' sale and plaintiffs' purchase of interests[2] in the Programs meets these threshold requirements. Other essential elements of a § 10(b) action are materiality, reliance, damages and causation. *See, e.g., Gardner v. Surnamer,* 608 F.Supp. 1385, 1387 (E.D.Pa.1985); *In re Catanella,* 583 F.Supp. 1388, 1402–03 (E.D.Pa.1984). In considering defendants' motions to dismiss, I will assume that the undisclosed information was material, that is, that a reasonable investor would consider such information important. *See TSC Industries v. Northway, Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976). I will also accept plaintiffs' representation (though it is somewhat conclusory) that they relied on the offering memoranda in making their investment decisions.

The second amended complaint, however, fails to allege the elements of damages and causation. In their responsive memoranda, plaintiffs claim defendants' wrongful conduct caused them to invest funds in the Programs and thereby to lose the use of those funds. Plaintiffs do not aver that they suffered any tangible losses. Recovery under the 1934 Act is limited to "actual damages." 15 U.S.C. § 78bb(a). *See also Nutis v. Penn Merchandising Corp.,* 615 F.Supp. 486, 490 (E.D.Pa.1985), *aff'd mem.,* 791 F.2d 919, (3d Cir.1986); *Gardner,* 608 F.Supp. at 1387–89; *Rubenstein v. IU International Corp.,* 506 F.Supp. 311, 316–18 (E.D.Pa. 1980). The requirement that a plaintiff plead actual injury is not satisfied by an allegation that plaintiffs lost the use of

invested funds, with no information concerning the present value of their investment. Plaintiffs do not even know what their interests are presently worth. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint With Prejudice at 12 (Nov. 19, 1985). To infer from the allegations in the second amended complaint that plaintiffs sustained injuries cognizable under § 10(b) would be to engage in pure speculation, which I am not required to do in ruling on a motion to dismiss. *See Nutis v. Penn Merchandising Corp.,* 610 F.Supp. 1573, 1580 (E.D.Pa. 1985), *aff'd mem.,* 791 F.2d 919 (3d Cir. 1986).

Even if I were to assume that plaintiffs did suffer actual damage, the second amended complaint does not relate such damage to defendants' allegedly wrongful acts. Plaintiffs' claim that defendants caused them to invest may tend to show "transaction causation," or reliance, but it does not satisfy the requirement of "loss causation." In order to state a claim under § 10(b), a plaintiff must allege "not only that, had he known the truth, he would not have acted, but in addition that the untruth was in some reasonably direct, or proximate, way responsible for his loss." *Catanella,* 583 F.Supp. at 1415 (quoting *Huddleston v. Herman & MacLean,* 640 F.2d 534, 549 (5th Cir.1981), *aff'd in part, rev'd in part on other grounds,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983)). *See also Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57, 61–62 (2d Cir.1985); *Nutis,* 615 F.Supp. at 489–90.

In addition to the specific factual allegations discussed above, Count I states:

On information and belief plaintiffs aver that defendants have engaged in other acts of fraud, diversion of assets, and misuse of funds for the personal benefit of defendants, which occurrences have been fraudulently concealed by defend-

**2.** Despite my expressions of concern upon dismissing plaintiffs' amended complaint, the second amended complaint does not explain the nature of plaintiffs' "preformation limited part-

nership interests." For present purposes, however, I will assume (as defendants apparently do) that such interests are securities within the meaning of § 10(b).

ants and have not yet been discovered by plaintiffs.

Second Amended Complaint at ¶ 22(d). Defendants challenge this subparagraph under Fed.R.Civ.P. 9(b), which requires that a complaint alleging fraud state with particularity the specific acts constituting the fraud. I recognize that the Third Circuit has refused to apply Rule 9(b) too rigidly. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985); *Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 99–100 (3d Cir.1983). Even in this circuit, however, plaintiffs must find a "means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville*, 742 F.2d at 791. Paragraph 22(d) does not pass muster under this standard. It is not saved, moreover, by plaintiffs' claim that defendants fraudulently concealed their acts. As Judge Pollak of this district has stated, "the same degree of pleading specificity is required when the claim of inability to discover the fraud rests upon an assertion of concealment as when fraud is alleged in any other pleading." *Alfaro v. E.F. Hutton & Co.*, 606 F.Supp. 1100, 1107 (E.D.Pa.1985). *See also Bruss Co. v. Allnet Communication Services, Inc.*, 606 F.Supp. 401, 405–06 (N.D. Ill.1985); *Chambers Development Co. v. Browning-Ferris Industries*, 590 F.Supp. 1528, 1538 (W.D.Pa.1984). Plaintiffs have not even attempted to set forth a factual basis for their belief that other fraudulent acts have occurred. Their allegations therefore do not meet the requirements of Rule 9(b).

Count I of the second amended complaint must be dismissed for lack of specificity and failure to state a claim under § 10(b) and Rule 10b–5. Because dismissal of Count I leaves the complaint without a federal cause of action, I will not exercise pendent jurisdiction over the state law claims set forth in Counts II through IV. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Count V merely contains allegations concerning defendants' state of mind and sets forth no independent cause of action. I will therefore grant defendants' motion to dismiss the entire complaint.

Finally, I note that this is plaintiffs' third attempt to state a cognizable claim against the various defendants in this case. Each complaint has made conclusory allegations of wrongdoing and set forth a different legal basis for recovery. Plaintiffs have even had difficulty deciding whom to sue. When I gave plaintiffs permission to file a second amended complaint, I warned them that they would be given no further opportunities. Plaintiffs have now taken their third swing, and have struck out. The second amended complaint will be dismissed with prejudice.