No. 84–384. GOULD, INC., ET AL. *v.* ADAMS ET AL. C. A. 3d Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE POWELL join, dissenting.

Petitioner Gould, Inc. (Gould), discontinued its operations at the Wilkening plant, where it had employed respondents. Under a pension plan negotiated with respondents' union, assets were to be used first to pay pensions to "current retirees"—beneficiaries who had already retired. If any assets then remained, they were to go to employees with vested rights to benefits, as they reached retirement age. When the plant closed, however, the pension fund's relevant assets were insufficient to pay even the current retirees.

Respondents' union brought a grievance under the collective-bargaining agreement, seeking to force Gould to fund pension benefits for the beneficiary former employees in full. The grievance proceeded to arbitration, and although the arbitrator held that Gould did not have to fund the plan in full, he found that Gould improperly changed its actuarial assumptions to reduce its contributions at the time it began to consider closing the plant. The arbitrator ordered the parties to determine by negotiations the amount by which Gould's contributions were less than they would have been if proper actuarial assumptions had been used, and he directed Gould to pay that amount into the pension fund. After negotiations, Gould and respondents' union agreed that the undercontribution amount was $570,600. However, without notice to respondents, Gould and the union then negotiated a settlement. Under the settlement, Gould agreed to guarantee full pension rights for the current retirees through a supplemental annuity, but Gould was absolved of the responsibility to deposit $570,600 with the plan's trustee, petitioner First Trust Co. Vested employees were not entitled to any benefits under the settlement.

Respondents, all vested employees, brought suit. In their amended complaint, respondents for the first time alleged that Gould's failure to place the $570,600 in the trust violated the arbitrator's award, and thus the collective-bargaining agreement; and that in negotiating the settlement, their union breached its duty of fair representation. See *Vaca* v. *Sipes,* 386 U. S. 171 (1967); *Hines* v. *Anchor Motor Freight, Inc.,* 424 U. S. 554 (1976).

The Court of Appeals found that this amendment was timely despite our recent decision in *DelCostello* v. *Teamsters*, 462 U. S. 151 (1983), where we held that the uniform national 6-month statute of limitations found in § 10(b) of the National Labor Relations Act, 29 U. S. C. § 160(b), was applicable by analogy in *Vaca* v. *Sipes* cases. 739 F. 2d 858 (1984). Instead, the Court of Appeals borrowed the 3-year statute of limitations in the Employee Retirement Income Security Act (ERISA), 29 U. S. C. § 1113(a)(2),* as "arguably more appropriate." 739 F. 2d, at 866. The Court of Appeals reasoned that while speed and finality are paramount in most *Vaca* v. *Sipes* situations, these policies are less relevant in pension disputes because the effect of the dispute on day-to-day management of the business is slight. The absence of an immediate effect on any employees except those currently retired also makes it likely that employees will not be aware of their grievance immediately. In the end, the Court of Appeals concluded that this was a pension matter governed by the ERISA limitations period, not an ordinary *Vaca* v. *Sipes* claim covered by the rule we announced in *DelCostello*.

The rule adopted below departs from the policy we recently announced in *DelCostello* of having a single statute of limitations for fair representation suits. Petitioners argue that the effect of this decision will be to reintroduce much of the uncertainty and lack of uniformity which marked the pre-*DelCostello* period. If the limitations period for a union's resolution of a wide variety of disputes turns on the nature of the issue, rather than the nature of the union's discharge of its duty of representation, petitioners assert that the *DelCostello* decision will have been rendered largely meaningless.

I would grant certiorari to decide this important question involving the reach and application of the rule we announced in *DelCostello*.

---

*In relevant part, that Act provides for a 3-year statute of limitations dating from "the earliest date (A) on which the plaintiff had actual knowledge of the breach." 29 U. S. C. § 1113(a)(2).