Ellsworth SPARKS, Helen Hazares, and
Leo Bunker, Plaintiffs,

v.

RYERSON & HAYNES, INC.,
Defendant.

Civ. A. No. 84CV-7591-AA.

United States District Court,
E.D. Michigan, S.D.

April 10, 1986.

Robert F. Best, Best Arnold Gleeson Best & Schmucker, Riccardo D. Arcaro, Rappleye Wilkins & Arcaro, Jackson, Miss., for plaintiffs.

George J. Brannick, Jackson, Miss., Dennis M. Rauss, Donovan Hammond Ziegelman Roach & Sotiroff, P.C., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter comes before the court on defendant's motions to dismiss and plaintiffs' motion for the application of offensive collateral estoppel. Oral arguments on the motions to dismiss were heard in open court on November 7, 1985. The issue of offensive collateral estoppel was raised for the first time at that hearing. The court ordered the parties to file briefs. The briefs have now been filed. For the reasons set forth below, all of the motions are denied.

This case arises out of several lawsuits filed by retired employees of the defendant alleging that it had altered their retirement plan by reducing vested rights to full medical pension payments. These cases began in state court and was removed to this court on the grounds that they raised federal questions under the Labor Management Relations Act (LMRA). Several motions in this matter have already been heard and decided. On January 2, 1986, the court ordered that the two cases brought by retirees Sparks, Hazares, and Bunker, then pending before it should be consolidated. It further certified the class of retirees under Fed.R.Civ.P. 23(b)(2). Finally, the court denied a motion to amend the complaint on behalf of some of the plaintiffs and granted the defendant an extension of time to respond to plaintiffs' interrogatories until after the court's ruling on the defendant's motion to dismiss.

FACTS

In 1979, the defendant and Local 665 of the United Auto Workers (the Union) entered into a collective bargaining agreement (CBA) that provided that the defendant would pay all of the medical insurance premiums for its unionized retirees. The 1979 CBA was effective for a period of three years. In 1982, the Union and the defendant entered into a new CBA, which reduced by one-half the amount of retiree medical insurance premiums that the company would pay. Retirees were notified of this change by letter in April, 1982. The letter stated that retirees could either accept the change and begin paying for 50% of their medical coverage themselves (via deductions from their pension checks) or quit the medical coverage part of the pension program altogether. The change in medical insurance coverage financing became effective on May 1, 1982.

The reasons behind the change in retiree benefits are unclear. The defendant asserts that the union made these concessions on behalf of the retirees because of the difficult economic times that had befallen the company. However, at a state court hearing in a related case (the Nichols case

discussed below), an executive of the company stated that the company had offered to pay each current employee a one-time lump sum payment averaging $2,700 in exchange for the union's agreement to the change in retiree benefits.

Plaintiffs in this case are the class of former employees of the defendant that retired after the 1979 CBA went into effect and before the 1982 CBA went into effect. The first case was filed in state court by class member Nichols on December 2, 1982. The case was tried in district court for the city of Jackson. The trial was short with only two witnesses called and the entire proceeding taking place in two hours. At the end of the trial, the district court judge ordered the parties to submit briefs on the issues of the case. After the briefs were received, the district court judge issued a three page opinion, which correctly stated the federal law governing the case. He found for the plaintiff Nichols and ordered the defendant to pay the plaintiff for the medical expenses that he had incurred since the defendant changed its premium policy.

Defendant appealed the case to the circuit court for Jackson County. That court issued a seven page opinion affirming in all respects the district court judgment, while more thoroughly exploring the issues raised. The court expressly found that the plaintiff's rights were vested prior to the 1982 CBA and that the change had no effect on these rights. Defendant did not appeal from this decision. Defendant claims that it did not appeal because the case was settled by counsel for the parties with the plaintiff accepting the amount of the award without interest and costs in complete settlement. The settlement is claimed to have been done on an expressly nonprecedential basis. However, the defendant does not submit any written statement to this effect from plaintiff Nichols or his attorney. Instead, the defendant relies solely upon the affidavit of its counsel stating that the case was to have been without precedential basis.

The defendant did not raise the issue of the statute of limitations at the earlier Nichols trial. In fact, its counsel stated at the hearing before the state district court that the defendant had chosen not to raise this defense but instead to try to get a decision on the merits.

Nichols was not initially a plaintiff before this court, although he has since filed another action against the defendant which has been removed to this court. Nevertheless, Nichols is a member of the class of retirees that this court has certified and his prior action against the company will be considered in the ruling on these motions.

The next case filed against the company was brought by plaintiff Sparks on November 21, 1984. The case was filed in state court in Jackson County, alleging breach of contract under state law. Defendant removed the case to this court claiming that violations of the federal labor laws were involved and therefore federal question jurisdiction should be invoked. On May 15, 1985, plaintiffs Hazares and Bunker filed their suit against the defendant in state court in Jackson County. Defendant again removed the case to this court.

All of the above actions raise the same claim against the company. There are, however, two legal theories for recovery currently before the court. One count is for breach of contract and one count is for violations of ERISA. Defendant asks that both counts of the complaint be dismissed for failure to file the complaint on a timely basis. Plaintiffs, on the other hand, claim that the earlier state court decision in Nichols should be used for offensive collateral estoppel purposes against the defendant.

## DEFENDANTS' MOTION TO DISMISS: BREACH OF CONTRACT CLAIM

Defendant argues that this count states a hybrid claim under § 301 of the LMRA because the plaintiffs are alleging breach of the CBA. Citing the Supreme Court's recent decision in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the defendant argues that the six month statute of limitations adopted by the Court

for hybrid § 301 actions bars the suit by the plaintiffs here. *Del Costello* was a suit by a union member against his union and employer for dismissal from his job for failure to ride a tractor which he considered unsafe and the failure of his union to represent him after his dismissal. The complaint was filed under § 301 of the LMRA.

The Supreme Court considered the question of what statute of limitations should apply. The alternatives were to borrow from state law or to apply the six month federal statute contained in § 10(b) of the National Labor Relations Act. After examining the usual policy of accepting state law statutes of limitations, and concluding that this was the correct policy to apply in most cases, the Supreme Court decided that the federal policy of speedy resolution of labor disputes and its potential frustration by the adoption of state limitations, plus the closer analogy of the federal statute to the cause of action involved in the case, justified accepting the federal statute in hybrid actions under § 301 of LMRA. The court also stressed the desirability of a standard national limitations period. This same standard could be applied in cases where the plaintiff failed to join either the union or the employer if the action was really a hybrid § 301 action. 462 U.S. at 165, 103 S.Ct. at 2291.

*Del Costello* has not been interpreted in this circuit as a "green light" to apply the six month statute of limitations therein in all actions in which federal law is implicated. *Carruthers Ready-Mix v. C.M.L.U.*, 779 F.2d 320, 327 (6th Cir.1985). Instead, as *Del Costello* itself noted, the question is whether the case falls within the scope of the federal policies that favor the application of the six month statute. A further inquiry is whether the federal policies implicated in *Del Costello* favor the six month statute of limitations, or the longer three year statute of limitations under ERISA. *Adams v. Gould*, 739 F.2d 858 (3rd Cir. 1984), *cert. denied*, — U.S. —, 105 S.Ct. 806, 83 L.Ed.2d 779 (1985).

The issue in this case is how to classify a suit by a group of retirees against their former employer for changes in their pension benefits under the terms of a newly negotiated CBA. The Sixth Circuit has not directly addressed this question. The Third Circuit has ruled on the closely related topic of whether *Del Costello* should be applied when the subject matter of the suit is collectively bargained pension rights. *Adams v. Gould*, 739 F.2d 858. *See also, Edwards v. Wilkes-Barre Publishing Co. Pension Trust*, 757 F.2d 52 (3rd Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 130, 88 L.Ed.2d 107 (1985). *Adams* involved a suit by former employees of the Gould company against the company and the union for underfunding the company's pension fund and depriving the plaintiffs of vested pension benefits. The court examined the *Del Costello* opinion's rationale, the need for a uniform national limitations period and for a relatively short limitations period to resolve disputes quickly and preserve labor peace, in the light of a suit against the employer for beach of a pension agreement. The court contrasted the six month *Del Costello* limitations period with the longer three year ERISA statute of limitations. In choosing to apply the three year ERISA standard, the court stated:

> Since no statute is directly applicable, we must examine the relevant policies in deciding which limitations period should be applied. A *Vaca v. Sipes* suit normally involves an issue that is intertwined with the day-to-day relationship between management and labor. Speed and finality in the resolution of disputes are the most relevant policies in those situations. In pension dispute [sic], however, that policy is less relevant. Even where the litigated dispute involves the funding of a pension plan involving an entity that remains in business, rather than an entity which ceases operation such as the Wilkening plant, the immediate effect of the dispute on the day-to-day labor-management relationship is slight. The funding issue involves the immediate interests only of retirees currently receiving benfits. In many cases, as here, the funding may be adequate to pay the

present beneficiaries. The long-term interests of current employees are at stake, but delay in resolving disputes concerning those interests does not disrupt labor-management relations. Nor does the delay itself prejudice the interests of the employees. The absence of an effect on their day-to-day working environment also makes it far more likely that employees will not be aware of their grievance immediately. These factors favor the application of a longer period of limitations. Section 1113 recognizes this, and provides for a three-year period in which to challenge breaches of fiduciary duty by the trustees of a pension plan.

Our reading of *Del Costello* is that it does not preclude the use of a different federal statutory period where the policies underlying the adoption of a six-month period in that case are inapplicable. We believe that this is such a case. The primary holding of *Del Costello* is that, in *Vaca v. Sipes* suits, a uniform federal standard, rather than a "borrowed" state limitations period, is appropriate. The application of the six-month period provided by section 10(b) was based on the assumption that *Vaca Sipes* suits would involved issued relevant to day-to-day labor-management relations. We believe that there is a distinction between the implication of delay in resolving disputes over pension contributions issues and the implications of delay in resolving disputes over terms of a collective bargaining agreement that affect the day-to-day operations of business. We also believe that this distinction justifies the use of a different limitations period. Accordingly, we hold that the three-year ERISA statute of limitations applies to this suit, in spite of the fact that the vested employees' suit against Goulds is predicated on a breach of the duty of fair representation by the Union rather than on a breach of a fiduciary duty by a pension fund trustee. Thus, the suit is not time-barred.

739 F.2d at 867. Footnotes omitted.

 Applying the ERISA statute of limitations to this type of dispute over pension rights clearly gives a uniform national standard limitations period. The subject matter of the dispute, pension rights, is also closely related to the ERISA statute's subject matter. More importantly though, the speed and finality considerations that led the *Del Costello* court to adopt a short statutory period are not present in this action. The plaintiff in *Del Costello* was an active member of the bargaining unit. He was in constant contact with management and an ongoing dispute over his rights would have had a serious effect on the working environment at the company. In retirees' pension disputes, there is no such effect on the workplace since by definition the only plaintiffs are already retired. The court is persuaded by these arguments to adopt the three-year ERISA statute of limitations period in this case.

 This decision is in accordance with the Sixth Circuit's generally liberal construction of retiree's rights under their pension agreements. See *Weimer v. Kurz-Kasch, Inc.,* 773 F.2d 669 (6th Cir.1985); *International Union et al. (UAW) v. Yard-Man, Inc.,* 716 F.2d 1476 (6th Cir. 1983), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984). These opinions make clear that retirees' benefits are to be treated differently from regular employees' benefits under a CBA. A union may choose to bargain away nonvested retiree benefits in future negotiations in favor of more compensation for active employees. It cannot do so with vested benefits though. *Weimer v. Kurz-Kasch, Inc.,* at 672. Such benefits, once vested upon an employee's retirement, are interminable and the employer's failure to provide them is actionable. Moreover, normally a retiree's benefits are considered vested because a retiree is unprotected in the collective bargaining process. From these and other statements made in these opinions, this court concludes that its ruling is consistent with the Sixth Circuit's approach to retirees' rights. While this would not be sufficient basis for its decision if there

were strong reasons to impose the shorter *Del Costello* statute of limitations, the court finds no such reasons presented in this case.

The state statute of limitations for breach of contract is the third possible alternative statute of limitations that could be applied in this case. The Supreme Court in *Del Costello* left open the possibility of this type of statute of limitations applying to cases involving pure breach of contract claims when it cited *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) with approval. 462 U.S. at 162–63. This approach has been taken by at least one federal circuit in analyzing retiree pension benefits. See *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160 (2d Cir.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 1181, 84 L.Ed.2d 329 (1985). While there is some merit in the plaintiffs' contention, the court declines to accept the six year state statute of limitations in this case.

### DEFENDANT'S MOTION TO DISMISS: ERISA CLAIM

■ Defendant next attacks the ERISA count of the complaint claiming that it is derivative of the § 301 action and should be dismissed under the *Del Costello* six month statute of limitations. For the reasons stated in the above discussion, the court disagrees with the defendant's analysis of the applicability of *Del Costello*. Instead, the court will apply the internal statute of limitations of ERISA. 29 U.S.C. § 1113.

Defendant at oral argument claimed that this statute is not applicable in this case because the benefits at issue here are not vested benefits under ERISA. First, the court notes that the issue of whether the benefits are vested is the principal question in this case. The Sixth Circuit has held that the language of the CBA determines whether the benefits will be treated as vested or not. 716 F.2d at 1479.

Moreover, the court has already indicated that the ERISA statute will be applied to plaintiffs' claims for breach of contract. Logically, the same standard should apply to this recharacterization of the plaintiffs' claims under ERISA. The rationale of the *Adams* opinion continues to apply in the ERISA area. Therefore, the court will adopt the three year ERISA statute for the ERISA count of the plaintiffs' complaints.

In light of these rulings, the defendant's motions to dismiss on the grounds that the statute of limitations had run are denied.

### OFFENSIVE COLLATERAL ESTOPPEL

■ The leading case in the area of collateral estoppel is *Parklane Hosiery, Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The Supreme Court in Parklane said that the offensive use of collateral estoppel, that is, an attempt by a plaintiff to estop a defendant from relitigating the issues which the defendant had previously litigated and lost on to another plaintiff, is only to be applied cautiously in the discretion of the district court. The Court gave a list of several factors that should be examined by the district court in making its discretionary decision. 439 U.S. at 329–31, 99 S.Ct. at 650–52.

Fairness to the defendant is a particularly important factor in the case before the court. The defendant in the first Nichols lawsuit was sued for a small amount of damages. Its defense was conducted by local counsel and limited to the presentation of one witness in a two hour trial. After the trial court's adverse ruling, the defendant appealed to the circuit court. However, it settled the case after the appeal, rather than continuing its appeals to a higher court. While it is unclear that the defendant would necessarily have continued making appeals to a higher court, the court believes it would be unfair to the defendant to hold that it would have done so. To avoid unfairly prejudicing the defendant in this case, the court will not apply offensive collateral estoppel.

For the above reasons, the defendant's motions to dismiss and the plaintiffs' motion to apply offensive collateral estoppel are denied.

SO ORDERED.