**Lance L. SAFRAN, Robert G. Schlachter, Anton J. Kotar, Carl Potenziani, Nicholas Hovan, Jr., Anthony G. Marinov, Paul A. Tague and Alfred A. Matteucci, Plaintiffs,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO and United States Steel Corporation and its successor, USX Corporation, Defendants.**

Civ. A. No. 87–2191.

United States District Court, W.D. Pennsylvania.

March 1, 1988.

Joseph A. Yablonski, Washington, D.C., for plaintiffs.

Richard Brean, Asst. General Counsel, United Steelworkers of America, Pittsburgh, Pa., for Steel Workers.

Dawne Hickton, Law Dept., U.S.X. Corp., Pittsburgh, Pa., for USX.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before us is plaintiffs' Petition to Compel Arbitration. For the reasons set forth below, we will deny plaintiffs' motion.

### I. BACKGROUND

Prior to being laid off in early 1984, the plaintiffs were all machinists in defendant USX's Valley Machine Shop in Homestead, Pennsylvania. While employed, the plaintiffs were all members of the defendant Union. In their Complaint, the plaintiffs allege that commencing in July, 1980, defendant USX contracted-out work in violation of the collective bargaining agreement between defendant USX and defendant Union. It is alleged that the contracting-out resulted in the plaintiffs being laid off. The plaintiffs contend that the lay-offs wrongfully foreclosed them from qualifying for certain early retirement benefits.

The Petition to Compel Arbitration presently before us arises out of the plaintiffs' attempts to obtain relief through the grievance process provided for in the collective bargaining agreement. On May 22, 1984, the defendant Union filed a grievance with defendant USX on behalf of all employees affected by the contracting-out practices. Defendant USX denied the grievance and the matter proceeded to arbitration in March, 1986. In June, 1987, after a hearing had been conducted before the arbitrator but prior to a decision being rendered, the defendant Union withdrew the grievance from arbitration.

The plaintiff's Complaint seeks relief against defendant Union on the grounds that it breached its duty of fair representation by withdrawing the grievance from arbitration. The plaintiffs demand relief from defendant USX on the grounds that it breached the collective bargaining agreement through its contracting-out practices. The plaintiffs also seek damages from both defendants pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*

### II. DISCUSSION

We note at the outset that we have jurisdiction over this hybrid cause of action under both the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and ERISA, 29 U.S.C. § 1132. *Adams v. Gould, Inc.,* 739 F.2d 858, 865 (3rd Cir. 1984), *cert. denied,* 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985); *Wilkes–Barre Pub. Co. v. Newspaper Guild of Wilkes–Barre, Local 120,* 647 F.2d 372, 379–80 (3rd Cir.1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982); *Gavalik v. Continental Can Company,* 812 F.2d 834, 846 (3rd Cir.1987). The term "hybrid" is commonly used to refer to an action such as this wherein employees concurrently sue their union for breach of its duty of fair representation and sue their employer for breach of contract.

In their Petition to Compel Arbitration and Reply Memorandum in Support of their Petition to Compel Arbitration, the plaintiffs seek an order from this Court compel-

ling arbitration of the grievance withdrawn by the defendant Union. They seek the entry of such an order prior to any determination being made as to whether the defendant Union breached its duty of fair representation in withdrawing the grievance. This issue is truly one of first impression; there is no reported decision from any jurisdiction that addresses it.

Plaintiffs first argue that Section 4 of the Federal Arbitration Act provides a basis for an arbitration order from this Court. That section provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition a federal court which would otherwise have jurisdiction over the parties, for an order compelling arbitration." 9 U.S.C. § 4.

We note initially that it is uncertain whether the Arbitration Act is even applicable to labor-related cases. Section 1 of the Act defines "commerce" for purposes of the Act and provides that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. In a 1951 decision, the Third Circuit Court of Appeals held that Congress intended the language "nothing contained herein" to mean nothing contained in the Arbitration Act. *Amalgamated Ass'n of Street, Electric Ry. and Motor Coach Employees of America, Local Division 1210 v. Pa. Greyhound Lines, Inc.*, 192 F.2d 310, 313 (1951). The court also held that the term "contracts of employment" included collective bargaining agreements. *Id.*

However, two years later the Third Circuit Court of Appeals held that the exclusion included only those classes of workers "actually engaged in the movement of interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it." *Tenney Engineering, Inc. v. United Elec. Radio & Machine Workers of America, Local 437*, 207 F.2d 450, 452 (3rd Cir.1953). It then held that the exclusion did not bar claims of employees engaged in the production of goods for subsequent sale in interstate commerce since the employees were not acting directly in the channels of commerce. *Id.* at 453.

In a more recent case, the Third Circuit Court of Appeals noted in dictum that after the Supreme Court's landmark decisions advocating judicial deference to labor arbitration agreements, parties to such agreements have been able to enforce the terms of those agreements under Section 301 of the LMRA and therefore the Arbitration Act has been sparingly applied to labor arbitration matters. *Service Employees International Union, Local 36 v. Office Center Services, Inc.*, 670 F.2d 404, 406 n. 6 (3rd Cir.1982). The court thus found it "a serious question as to whether the applicability of the Act to labor arbitration agreements retains any vitality in this circuit." *Id.* at 407 n. 6. *See also Amalgamated Cotton Garment & Allied Industries Fund v. J.B.C. Company of Madera*, 608 F.Supp. 158, 163–64 (W.D.Pa.1984) (in light of *Service Employees* it is possible that the LMRA and cases thereunder provide the federal law for the enforcement of labor agreements making it unnecessary to resort to the Arbitration Act).

█ We do not find it necessary, however, to reach the issue of whether the contract of employment here is exempt from the Arbitration Act because we find that the plaintiffs have no contractual basis under Section 4 of the Act to compel arbitration. The Act requires that the movant requesting arbitration be a party to a written agreement for arbitration. The two parties to the arbitration agreement contained in the collective bargaining agreement here are defendant USX and defendant Union. If either of them had refused to proceed to arbitration with respect to the other, then, assuming the exclusion in Section 1 does not apply, the other would likely have been entitled to an order compelling arbitration.

Here, however, the plaintiffs are third party beneficiaries of the defendant Union's arbitration agreement and are attempting to compel their own bargaining representative to complete the arbitration process. There is no agreement between

the plaintiffs and the defendant Union which requires the defendant Union to resolve disputes with its members in arbitration. The plaintiffs are not in the proper contractual posture to rely on Section 4 of the Arbitration Act; the defendant Union has not refused to arbitrate under a written agreement for arbitration. The Act does not, in this instance, provide authority for an order compelling the defendant Union to reinstate the withdrawn grievance.

Furthermore, Section 4 may not be used by the plaintiffs to compel the defendant USX to arbitrate the withdrawn grievance. The plaintiffs have appointed the defendant Union as their representative in employment relations with defendant USX. Absent a showing of a breach of the duty of fair representation, they are bound by their representative's decisions. Although each is clearly a third party beneficiary of the collective bargaining agreement, no plaintiff alone has the right to bypass the procedures set forth in the agreement and compel defendant USX to proceed to arbitration with their individual grievance. The plaintiffs acknowledge this. *See* Plaintiffs' Memorandum in Support of Petition to Compel Arbitration, p. 8 n. 3.

The plaintiffs do not have the requisite contractual standing under Section 4 to personally demand that defendant USX arbitrate the withdrawn grievance. We decline to permit the plaintiffs to do indirectly what they could not contractually do directly. *See Brandt v. United States Lines, Inc.* 246 F.Supp. 982, 984 (S.D.N.Y.1964) (it is well settled that employee's must look to their union to vindicate their rights and in absence of a showing that union failed to adequately represent them, the employee may not compel their employer to arbitrate their grievance.). *See also Vaca v. Sipes,* 386 U.S. 171, 192, 87 S.Ct. 903, 918, 17 L.Ed.2d 842 (1967) (if individual employees could compel arbitration of grievances in the absence of express contractual authority, the settlement machinery provided by the contract would be substantially undermined, "thereby destroying the employer's confidence in the union's authority and returning the individual grievant to the va-

garies of independent and unsystematic negotiation.").

We therefore conclude that plaintiffs' reliance on the Arbitration Act is misplaced, and we will decline to issue an order compelling arbitration between defendant USX and defendant Union on the basis of that Act.

The plaintiffs additionally argue that the LMRA provides authority for an arbitration order from this Court. While Section 301 of the Act, 29 U.S.C. § 185, may provide this Court with jurisdiction for the resolution of alleged violations of collective bargaining agreements, we decline to enter the order requested here pursuant to that Act.

Any such order would be inconsistent with the Supreme Court's pronouncements in *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903. In that case, the plaintiff filed suit against his union alleging that he had been discharged in violation of the collective bargaining agreement and that his union had arbitrarily refused to take his grievance to arbitration. *Id.* at 173, 87 S.Ct. at 908. The Court asserted that although a union may not arbitrarily ignore a meritorious grievance, an individual employee has no absolute right to have his grievance taken to arbitration unless the collective bargaining agreement expressly so states that he does;

> If the individual employee could compel arbitration of his grievance regardless of merit, the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiation.... It can well be doubted whether the parties to collective bargaining agreements would long continue to provide for detailed grievance and arbitration procedures of the kind encouraged by [the LMRA], if their power to settle the majority of grievances short of the costlier and more time-consuming steps was limited by a rule per-

mitting the grievant unilaterally to invoke arbitration.

*Id.* at 191–92, 87 S.Ct. at 917–918.

Instead, the union has discretion in supervising the grievance machinery. *Id.*

■ There is no contractual provision in the collective bargaining agreement here which would permit the individual plaintiffs to file their grievances directly with defendant USX. The defendant Union is their bargaining representative and it exercised its discretionary authority in withdrawing the grievance. We find no distinction between a union's failure to go to arbitration and a union's withdrawal of a case from arbitration once the process has begun. In both cases, the union has exercised its authority to supervise the grievance resolution process. Whether it properly exercised that authority is a question for the trier of fact. To order arbitration prior to that determination being made would be to disregard the orderly grievance machinery provided for in the parties' collective bargaining agreement. An order compelling arbitration is merely one of the remedies available *after* a breach of the union's duty of fair representation has been proved. *Id.* at 196, 87 S.Ct. at 919.

Lastly, the plaintiffs argue that re-submitting this case to arbitration would alleviate the need for time-consuming discovery and a jury trial. We agree; however, this is not how disputes are resolved in our court system. To order arbitration now would require our assumption that the union improperly withdrew the grievance from arbitration; a conclusion we are unable to reach before a trial on the merits. It is possible that the union acted properly within its discretion in withdrawing the grievance from arbitration and if that is the case an order compelling arbitration would be unavailable. We decline the plaintiffs' invitation to make fact findings at this stage of these proceedings as to whether the defendant Union acted irrationally in withdrawing the grievance.

While we are well aware that Section 301 of the LMRA empowers us to fashion rules of federal common law to govern suits for violations of contracts between employers

and labor organizations, *Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957), and that there is a federal policy favoring dispute resolution through arbitration, we find no basis, in precedent or common sense, on which to support the order requested.

AND NOW, to wit, this 1st day of March, 1988, for the reasons set forth above, it is hereby ORDERED, ADJUDGED and DECREED that plaintiffs' Petition to Compel Arbitration is DENIED without prejudice.