**FIGGIE INTERNATIONAL, INCORPORATED, a Delaware Corporation, Plaintiff–Appellant,**

v.

**J. Carter MILLER, Sr., Defendant–Appellee.**

**No. 91–2826.**

United States Court of Appeals, Seventh Circuit.

Argued April 22, 1992.

Decided July 10, 1992.

As Amended July 17, 1992.

Joseph R. Marconi (argued), David M. Macksey, Johnson & Bell, Chicago, Ill., for plaintiff-appellant.

Mitchell S. Goldgehn (argued), Nathan H. Lichtenstein, Andrew S. Williams, Lisa J. Brodsky, Greenberg, Keele, Lunn & Aronberg, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, MANION and KANNE, Circuit Judges.

KANNE, Circuit Judge.

After the district court granted summary judgment in favor of defendant J. Carter Miller, plaintiff Figgie International moved to alter or amend that judgment pursuant to FED.R.CIV.P. 59(e) and as part of that motion, requested to amend its complaint. The district court denied the Rule 59(e) motion and Figgie appeals. We affirm.

## BACKGROUND

On March 10, 1988 Figgie purchased Carter Controls Inc. from Miller pursuant to a stock and asset purchase agreement which provided that Miller would indemnify Figgie against wage claims which existed prior to Figgie's acquisition of Carter Controls, on the condition that Figgie first 1) give timely written notice of the claim; 2) allow Miller the opportunity to assume control of the claim; and 3) allow Miller the opportunity to reject proposed settlements.

In February 1990, Eva and Hans Mueller made a wage claim against Carter Controls. On June 13, 1990 Figgie entered into a settlement agreement with the Muellers for $300,000. The settlement provided that the Muellers would cooperate with and assist Figgie in bringing any claim against Miller. On October 3, 1990, Figgie notified Miller of the Muellers' claim and demanded indemnification. On January 15, 1991 Miller refused based on Figgie's failure to abide by the terms of the Agreement. On March 8, 1991, Figgie filed a complaint against Miller alleging breach of the indemnity provisions of the purchase agreement.

On May 9, 1991, Miller filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), submitting a statement of uncontested facts, his affidavit and deposition excerpts in support of the motion. On May 13, 1991, the district court ordered Figgie to respond to Miller's motion by June 3, 1991. Figgie failed to respond. Inexplicably, on June 4, 1991—one day after the time to respond had expired—Figgie filed a motion for an extension of time to respond. On June 6, 1991 the district court granted summary judgment in favor of Miller, finding that the undisputed facts established that Figgie was not entitled to indemnification under the purchase agreement and that Miller did not receive notice of the wage claim prior to execution of the settlement agreement between Mueller and Figgie. On June 11, 1991, the district court denied Figgie's motion for an extension of time as moot. Figgie then filed the Rule 59(e) motion with an amended complaint attached which is at issue in this appeal.

## ANALYSIS

I.  Standard of Review.

We review the district court's denial of Figgie's Rule 59(e) motion under an abuse of discretion standard. It is well-settled that after a final judgment, a plaintiff may amend a complaint under 15(a) only with leave of court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated. *Twohy v. First National Bank of Chicago,* 758 F.2d 1185, 1196 (7th Cir. 1985); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1111 (7th Cir.1984) *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). The parties do not seriously dispute this proposition nor do they dispute the fact that Figgie did in fact file a proper Rule 59(e) motion as required.

They do disagree as to whether a Rule 59(e) motion accompanied by a motion for leave to amend should be treated different-

ly than any other Rule 59(e) motion. Figgie argues that *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) requires that under these circumstances, Rule 59(e) should be governed by the more liberal standards governing Rule 15(a). *See Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594 (5th Cir.1981) (Rule 59(e) motion should be governed by same considerations controlling the exercise of discretion under Rule 15(a) in these cases); *Adams v. Gould,* 739 F.2d 858, 864 (3d Cir.1984), *cert. denied,* 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985) (adopting approach of Fifth Circuit in *Dussouy* ). Although this is a question of first impression before this court, we decline to resolve it today because Figgie's argument fails under either standard.

## II. Analysis under Rule 59(e).

■ If Figgie's Rule 59(e) motion is evaluated under traditional Rule 59(e) standards, then it may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously. Figgie contends that a 1983 memorandum prepared by Arthur Andersen for Carter Controls is a "smoking gun" which proves that there was a wage agreement between Carter Controls and Mueller and that Miller was aware of Mueller's wage claim at the time the agreement was signed in 1988. This assertion is insupportable.

As an initial matter, Figgie does not explain why a 1983 memorandum generated by the auditors of a company Figgie has owned since 1988 was previously unavailable. Consequently, this does not constitute new evidence not previously available. Further, the memorandum does not, as Figgie claims, disclose an agreement by Mueller to forego present wage claims as long as they were to be paid in the future. Miller is correct in stating that Figgie mischaracterized the contents of the memorandum. The memorandum simply sets out Mueller's compensation for the years 1983–1985 and refers to no agreements.

The record is devoid of any evidence that Miller ever saw or was aware of the 1983 memorandum. Figgie cites to its own counsel's affidavit submitted in support of a motion to vacate sanctions. Figgie claims that this affidavit supports a conclusion that Miller was aware of the wage claim because he spent time with Carter Controls accountants on his yearly visits to Germany. We will not consider this affidavit because it was not before the district court when it decided the Rule 59(e) motion, although the information was clearly available to Figgie at that time. The affidavit is inadequate in two other respects: 1) the conclusions reached in the affidavit were based on hearsay statements of Mueller, a witness unquestionably available to Figgie, and not on the personal knowledge of the affiant; and 2) it proves nothing as to Miller's knowledge of Muellers' wage claim.

Figgie also contends that a June 17, 1991 interview with Mueller, described as the "key witness" in this case, constitutes new evidence. However, Figgie has made no attempt to support this conclusion with competent evidence such as Mueller's affidavit or deposition and makes no attempt to explain why Mueller's testimony was not previously available. The district court correctly held that Figgie's bald assertions were hearsay and did not constitute evidence to support a Rule 59(e) motion.

■ Rule 59(e) may not be used to bring a claim that should and could have been raised earlier. *Federal Deposit Insurance Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). Because Figgie presented no competent evidence that was not previously available, the district court's decision denying Figgie's motion under the traditional standards governing Rule 59(e) did not constitute an abuse of discretion.

## III. Analysis under Rule 15(a).

■ If Figgie's Rule 59(e) motion is evaluated under the standards governing Rule 15(a), the result does not change. Leave to amend may be denied where there has been undue delay, bad faith, prejudice to the opponent, dilatory motive on part of mov-

ant, or amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.1991). Because there has been both undue delay and bad faith on the part of Figgie, the district court did not abuse its discretion in denying the Rule 59(e) motion under Rule 15(a) standards.

■ In a post-judgment situation, delay without explanation is sufficient reason to deny a motion to amend. *Twohy v. First National Bank of Chicago*, 758 F.2d 1185, 1196–1197 (7th Cir.1985). Figgie argues that because the motion for leave to amend was filed a little over three months after the original complaint, this does not constitute undue delay. However, Figgie has not provided an adequate explanation for failing to ask for leave to amend before judgment was entered. Both the Arthur Andersen memorandum and Mueller's alleged testimony, which formed the basis of the amended complaint, were available to Figgie well before summary judgment was granted June 6, 1991. Therefore, Figgie's lack of diligence in bringing the claim pre-judgment constitutes undue delay.

Figgie's request to amend was also taken in bad faith. Not only did Figgie mischaracterize, and continues to mischaracterize the plainly irrelevant Arthur Andersen memorandum, but it failed to introduce any relevant evidence to support its request to amend. Figgie never submitted Mueller's affidavit and has not attempted to explain this omission. Instead, it insists that its bald hearsay allegations regarding Mueller's testimony constitute "evidence." Figgie failed to make any reasonable inquiry as to whether there were facts supporting the fraud claim. Given the absence of supporting evidence, Figgie's request for leave to amend was baseless and made in bad faith. Figgie's undue delay and bad faith in bringing the motion to amend after judgment had been entered provide ample reason to deny the Rule 59(e) motion under Rule 15(a) standards.

■ Figgie contends that the district court did not give any justifying reason for denying leave to amend, thus requiring reversal under *Foman. See Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Leave to amend may be denied for apparent or declared reasons. *Id.* at 182, 83 S.Ct. at 230; *J.D. Marshall International v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir.1991). The district court gave ample reason for denying Figgie's motion. Although the district court technically applied Rule 59(e) standards, its reasoning applies equally to the analysis under Rule 15(a).

## CONCLUSION

Because Figgie's Rule 59(e) motion is insupportable under either the standards which generally apply to Rule 59(e) motions or the more liberal standards applicable to Rule 15(a) motions, the decision of the district court denying the motion is AFFIRMED.