**HATZEL & BUEHLER, INC.**

v.

**STATION PLAZA ASSOCIATES, L.P.**

**Bankruptcy No. 87–447.**
**Adv. No. 88–69.**

United States Bankruptcy Court,
D. Delaware.

Jan. 27, 1993.

Paul R. Rosen, Bruce S. Marks, Spector Gadon & Rosen, Philadelphia, PA, for defendant.

James L. Patton, Jr., Laura Davis Jones, Jennifer Cowan, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for debtor.

HELEN S. BALICK, Bankruptcy Judge.

This is the Court's decision on the Motion of Station Plaza Associates, L.P. (Defendant) to Amend its Counterclaim against Hatzel & Buehler, Inc. (Plaintiff).

*Background:*

This motion arises from an adversary proceeding involving a breach of contract

action brought by former debtor Hatzel & Buehler against Station Plaza. Plaintiff, a subcontractor, agreed to provide electrical work on Station Plaza III (the Trenton, New Jersey construction project subject of this proceeding) under a contract between Hatzel & Buehler and Station Plaza (contract). Plaintiff contends that it experienced great difficulty in obtaining progress payments for completed electrical work on the project as required by the terms of the contract. As a result of this alleged breach by Defendant, Hatzel & Buehler contends it was forced to discontinue work on the project, albeit it had completed substantially all of the work required under the contract.

On October 26, 1987 Hatzel & Buehler filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On September, 30, 1988 Hatzel & Buehler brought an adversary action against Station Plaza to compel turnover of the remaining funds allegedly due under the contract (approximately $100,000).

Defendant Station Plaza filed its Answer, New Matter, and Counterclaim on January 6, 1989. In the New Matter and Counterclaim, Station Plaza alleged breach of contract on the part of Hatzel & Buehler, contending that Plaintiff failed to complete the electrical work as set forth in the contract. Defendant also disputed Hatzel & Buehler's allegation that it was forced to discontinue work on the project because of Station Plaza's refusal to make agreed upon progress payments. According to Defendant, Plaintiff refused, despite repeated demands, to complete its performance. Station Plaza requested that the action be dismissed with prejudice and that damages be awarded in the amount of $50,000, the alleged cost of completing the electrical work on Station Plaza III.

Hatzel & Buehler emerged from bankruptcy by Confirmation Order dated December 19, 1989. Although Plaintiff filed this adversary proceeding in September 1988, discovery was not commenced until the Spring of 1991. On November 18, 1992 Station Plaza moved to amend its Counterclaim to seek additional damages for loss of rental income due to the delay in completing Station Plaza III, allegedly resulting from Hatzel & Buehler's breach. Additionally, Defendant has moved to bifurcate the question of damages from the main trial in order to avoid delaying that procedure.

*Discussion:*

Hatzel & Buehler objects to Defendant's motion on several grounds. First, although Plaintiff acknowledges that Defendant's original counterclaim may be recognized as an informal proof of claim, it makes a passing argument that Station Plaza never filed a formal proof of claim and, therefore, has no claim against Hatzel & Buehler. Second, Plaintiff contends that Fed.R.Civ.P. 13(f) and Fed.R.Bankr.P. 7013 are the proper rules governing counterclaims and preclude the amendment sought by Station Plaza. Finally, Hatzel & Buehler argues that Defendant's proposed amendment for lost rent is a new claim, the allowance of which would violate the statutory discharge under section 1141 of the Bankruptcy Code and this Court's Confirmation Order setting a bar date of February 19, 1990 for all remaining claims against Hatzel & Buehler. 11 U.S.C. § 1141(d)(1)(A).

Bankruptcy courts recognize the validity of an informal proof of claim. *In re Wilbert Winks Farm, Inc.,* 114 B.R. 95 (Bankr.E.D.Pa.1990) (and cases cited therein). To be recognized, an informal proof of claim "must be in the form of a pleading filed in the Bankruptcy Court which shows 'that a demand is made against the estate' and 'the creditor's intention to hold the estate liable.'" *Id.* at 97 (citing Third Circuit precedent). Station Plaza's original counterclaim meets the foregoing standard in that it was a pleading filed in this Court which set forth a claim for breach of contract against Plaintiff and sought damages from Plaintiff for the alleged breach. Thus, Hatzel & Buehler's reference to "no claim" is without merit.

As Plaintiff contends, Fed. R.Bankr.P. 7013 (adopting Fed.R.Civ.P. 13(f)) governs counterclaims and provides for omitted counterclaims as follows:

"When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R.Bankr.P. 7013. Whether the Court will permit that amendment is not governed by Rule 7013, however, but by Rule 7015 which provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Bankr.P. 7015 (incorporating Fed.R.Civ.P. 15). Permission to amend a claim falls within the sound discretion of the court. *United Services Automobile Ass'n v. Foster*, 783 F.Supp. 916, 919 (M.D.Pa.1992) (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir.1984), *cert. denied*, 469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985)). Although, as Plaintiff submits, an amendment to a claim filed post bar-date must be scrutinized to assure that it is not an attempt to file a new claim, "amendment is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or *to plead a new theory of recovery on the facts set forth in the original claim.*" *In re International Horizons*, 751 F.2d 1213 (11th Cir.1985) (emphasis added). "A court will deny leave to amend only if there is undue delay, motivated by bad faith, or prejudicial to opposing party." *Adams*, 739 F.2d at 868.

Although considerable time has elapsed since the original complaint and counterclaim were filed, there is evidence that Hatzel & Buehler was at least partially responsible for the delay. The Court's docket shows that, following a Notice of Contemplated Dismissal for Nonprosecution dated June 28, 1990, Hatzel & Buehler requested that the case not be dismissed but did not commence discovery until March, 1991. This foot-dragging by Plaintiff makes questionable Plaintiff's contention that Defendant's proposed amendment is barred because it is presented nearly three years after the original counterclaim was filed. Additionally, the facts indicate that the parties, at some point, engaged in settlement negotiations which might have resolved their dispute and mooted the amendment at issue. "The passage of time, without more, does not require that a motion to amend a [claim] be denied." *Adams*, 739 F.2d at 868. Rather, according to the *Adams* Court, the delay must be motivated by bad faith or result in prejudice to the opposing party. *Id.*

Plaintiff contends that Defendant's motion was filed in bad faith, as an effort to coerce Plaintiff into a favorable settlement. This argument, however, is an allegation without evidentiary support. The fact that Station Plaza filed its Motion to Amend its Counterclaim after settlement negotiations had taken place between the parties is not evidence, in itself, of bad faith.

Finally, Hatzel & Buehler protests that it will be substantially prejudiced by the granting of Defendant's motion. Plaintiff argues that allowing Station Plaza to amend its counterclaim will require Plaintiff to conduct further discovery on "entirely new damage issues including complicated valuations of lost rent." The Court finds that any prejudice to Plaintiff is not substantial. First, although the granting of Defendant's motion would necessitate additional discovery relating to rental valuation, the Court suggests that discovery is not as complicated as Plaintiff contends. Furthermore, a claim for lost rent is a damage theory that Plaintiff could have anticipated as arising naturally from Defendant's counterclaim.

Having concluded that Station Plaza's Motion to Amend its Counterclaim satisfies the legal standard for the amendment of a pleading under Fed.R.Bankr.P. 7015 and Fed.R. of Civ.P. 15, the Court finds it unnecessary to address Hatzel & Buehler's argument that Defendant is attempting to file a new claim in the guise of an amendment to its counterclaim.

*Conclusion:*

For the foregoing reasons, Defendant Station Plaza's Motion to Amend its Counterclaim is GRANTED.

■ In the interest of judicial economy, Defendant Station Plaza's Motion to Bifur-

cate the issue of damages from the issue of liability is DENIED.

Defendant Station Plaza shall file its Amended Counterclaim on or before February 10, 1993.

Plaintiff shall respond within ten days of service of Defendant's Amended Counterclaim.

IT IS SO ORDERED.