**BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Plaintiff,**

v.

**The MARSHFIELD CLINIC and Security Health Plan of Wisconsin, Inc., Defendants.**

No. 94–C–0137–C.

United States District Court, W.D. Wisconsin.

July 28, 1997.

James R. Troupis, Michael, Best & Friedrich, Madison, WI, for Blue Cross & Blue Shield United Compcare Health Services Ins.

Steven J. Caulum, Bell, Metzner, Gierhart & Moore, Madison, WI, for Marshfield Clinic Security Health Plan of Wis.

Donald K. Schott, Quarles & Brady, Madison, WI, for Wausau Medical Center.

## OPINION AND ORDER

CRABB, District Judge.

In this civil antitrust case, both sides have filed motions pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment entered in favor of defendants on April 8, 1997. The case has a fairly length history. It was tried once to a jury verdict in favor of plaintiff on all its antitrust claims, including a claim under § 2 of the Sherman Act that defendants had monopolized the health maintenance organization market in north central Wisconsin and two claims under § 1 of the Act of price-fixing and division of markets. On appeal, the Court of Appeals for the Seventh Circuit held that the monopolization and price-fixing claims · were without foundation but that plaintiff had adduced sufficient evidence to support its claim of illegal market division. The court of appeals remanded the case for a new trial limited to showing how much less Blue Cross would have paid The Marshfield Clinic had the Clinic refrained from dividing markets, *Blue Cross & Blue Shield v. Marshfield Clinic,* 65 F.3d 1406, 1416 (7th Cir. 1995), and directed the district court to rewrite the injunction entered after the first trial, limiting it to division of markets.

On remand, after reviewing the evidentiary materials filed by plaintiff in opposition to defendants' motion for summary judgment, I concluded that the evidence plaintiff could adduce at trial was not sufficient to enable a jury to decide how much less plaintiff would have paid had there been no market division. Without such proof, plaintiff could not show that defendants' illegal agreement or agreements had caused plaintiff any injury and, if so, the amount of damages plaintiff had incurred.

Plaintiff wants the court either to vacate the judgment and set the matter for trial, alter the judgment to award plaintiff nominal damages, or alter the motion more extensively, in conformity with plaintiff's motion. Defendants The Marshfield Clinic and Security Health Plan of Wisconsin, Inc. want the court to amend the judgment to clarify the status of the injunction order entered September 10, 1996. Defendants believe that no basis exists for continuance of the injunction now that the court has found that plaintiff is unable to prove two of the essential elements of antitrust liability, causation and damages. In addition, plaintiff has moved for an award of attorney fees and non-taxable costs and defendants have moved to strike the new affidavits, charts and exhibits plaintiff submitted in support of its motion to alter and amend.

Plaintiff bases its motion to amend or alter on four arguments: 1) the Court of Appeals for the Seventh Circuit must have concluded the evidence plaintiff adduced at the first

**1300**

trial was sufficient to show that plaintiff had suffered an antitrust injury as a result of defendants' division of markets; otherwise, the court of appeals would not have directed the district court to rewrite the original injunction to prohibit the defendant Clinic from dividing markets with competing plans or groups. Therefore, argues plaintiff, this court should order an award of nominal damages to plaintiff, even though it has found that plaintiff cannot prove any actual damages. 2) The court acted improperly in granting summary judgment to defendants without making findings of fact and setting out conclusions of law, as required by Fed. R.Civ.P. 56. 3) No motion for summary judgment was pending on April 7, 1997, when the court entered its order granting summary judgment to defendants. 4) The court erred in deciding to grant summary judgment because the evidence demonstrated that the defendant Clinic's division of markets was a substantial cause of actual damages to plaintiff and therefore a direct cause of injury.

■ Plaintiff's first ground for amending the judgment overlaps defendants' motion to clarify the status of the injunction, making it appropriate to consider them together. Defendants' motion follows from the conclusion I reached in granting summary judgment to defendants: that although plaintiff had adduced sufficient evidence in the first trial to support the jury's finding that it had market power in four markets (HMO's, certain specialty areas, pediatrics and primary care), it had not proven causation and injury related to an illegal division of markets at the first trial and had not submitted evidentiary materials in opposition to defendants' motion for summary judgment that would show how it could make the necessary showing at the second trial. Both causation and injury were critical to plaintiff's success because it had to prove its entitlement to damages under § 4 of the Clayton Act, which authorizes an award of treble damages "to any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws," but requires a plaintiff to prove causation and injury in addition to a violation of antitrust law. *See Atlantic Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 334,

335, 344, 110 S.Ct. 1884, 1889, 1890, 1894, 109 L.Ed.2d 333 (1990) (competitor cannot show antitrust injury merely by showing a per se violation of § 1 of the Sherman Act; " 'proof of a per se violation and of antitrust injury are distinct matters that must be shown independently' ") (quoting P. Areeda & H. Hovenkamp, *Antitrust Law* ¶ 334.2c, p. 330 (1989 Supp.)).

In the first trial, the jury was asked only whether defendants had "contracted, combined, or conspired" to allocate customers, territories, or product or service markets. *See* verdict question 7, dkt. # 476. The jury's answer of "yes" to that question established the existence of an illegal agreement; it did not establish that plaintiff had suffered any injury. In the damages phase of that same trial, the jury found that plaintiff had been damaged as "a direct result of defendants' conduct in violation of the antitrust laws," but did not specify whether the damages were the result of illegal market divisions or were caused by other illegal conduct that the jury had found to be illegal but that the court of appeals held was not. The jury's findings in the first trial were sufficient to show that defendants had market power and that they had engaged in an illegal agreement, enough to establish a per se violation, but not enough to carry the day for a private plaintiff proving its entitlement to damages under the Clayton Act. Therefore, I concluded that plaintiff would have to show how the illegal conduct (the division of the markets identified by the first jury) caused it damage. Unfortunately for plaintiff, it had no evidence showing that the market divisions caused it any injury or how much that injury might be if it did occur. Plaintiff's experts did not separate the illegal behavior (division of markets) from defendants' legal behavior or from other factors that might have contributed to the prices defendants charged.

Defendants are correct when they argue that it is inconsistent to conclude that plaintiff cannot prevail on its claim for damages but to continue the injunction in effect. Plaintiff's entitlement to injunctive relief requires the same showing as its claim for damages: that plaintiff has suffered and is likely to continue to suffer antitrust injury

caused by defendants' illegal division of markets. Defendants maintain that plaintiff's inability to make that showing means that the injunction should be vacated. The question is complicated by the fact that the court of appeals held that the jury verdict on liability was to stand as it related to division of markets and that this court was to rewrite the injunction issued at the conclusion of the earlier trial, merely restricting its scope to division of markets. Plaintiff argues that when the court of appeals upheld the "liability" finding with respect to a per se illegal market division agreement, it was finding necessarily that plaintiff had been injured because the court could not have found liability under the Clayton Act without finding antitrust injury and causation. According to defendants, the liability finding made by the court of appeals was simply one of per se liability. Defendants view the court of appeals' directive as based upon an assumption that plaintiff would be able to prove causation and damages, citing *Blue Cross*, 65 F.3d at 1416 ("The burden will be on Blue Cross to show much less it would have paid the Clinic had the Clinic refrained from that illegal practice [dividing markets]"), but maintain that the court would not have expected the injunction to issue or to continue if plaintiff was unable to show any actual injury. No actual injury would mean no liability for defendants under the Clayton Act.

Although the question is not free from doubt, I am persuaded that the court of appeals intended the injunction against division of markets to stand only if plaintiff was able to carry its burden of proving either that it had suffered antitrust injury in fact as a result of defendants' division of markets or that it was in danger of suffering such injury. *See e.g., Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 112–13, 107 S.Ct. 484, 490–91, 93 L.Ed.2d 427 (1986) ("Section 4 [of Clayton Act] requires proof of injury 'by reason of anything forbidden in the antitrust laws' § 16 requires proof of 'threatened loss or damage by a violation of the antitrust laws.'"); *Balaklaw v. Lovell*, 14 F.3d 793, 800–801 (2d Cir.1994) ("Regardless of any substantive violation of the Sherman Act, sections 4 and 16 of the Clayton Act still require plaintiffs to establish that the defendants engaged in anticompetitive conduct that caused them an antitrust injury."); *Local Beauty Supply, Inc. v. Lamaur Inc.*, 787 F.2d 1197, 1204 (7th Cir.1986) (Section 16 allows injunctive relief only if plaintiff can show threatened loss or damage by a violation of the antitrust laws). Although these cases address cases brought by competitors of the alleged antitrust violators and turn on the court's determination that the injury they alleged did not flow from "that which makes the defendants' acts unlawful," in the words of the Supreme Court, *Brunswick Corp. v. Pueblo Bowl–O–Mat Inc.*, 429 U.S. 477, 488, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977), the holding seems equally applicable to a plaintiff who fails to show that the antitrust violation produces actual injury.

In view of plaintiff's inability to adduce evidence that would be sufficient to go to the jury on this point, the justification for the injunction disappears. Accordingly, I will grant defendants' motion to alter the judgment to make it explicit that the entry of judgment for defendants does not include the entry of any injunctive relief for plaintiff. I will vacate the order granting such relief that was entered on September 10, 1996.

I will deny plaintiff's motion to alter on the remaining grounds advanced by plaintiff. Plaintiff is not entitled to an award of nominal damages because it cannot prove the prerequisites of antitrust liability (causation and damages), that would entitle it to such an award. As to plaintiff's argument that the court must make more complete findings of fact and determine which of plaintiff's proposals it finds to be undisputed, the vast majority of plaintiff's proposed findings concerned testimony and findings from the earlier trial or propositions set forth in their experts' reports. Little purpose would be served in making findings of fact from these materials. Plaintiff's arguments are dependent on the resolution of questions of law, such as whether the empirical studies in expert reports show that price differentials are substantively affected by defendants' market division agreements and, if so, whether that evidence is sufficient to prove any of the propositions plaintiff must prove in order to

prevail on its claim of antitrust injury. They do not depend on resolution of factual disputes.

Plaintiff raises a meritorious point in its third objection, that no motion for summary judgment was pending at the time the order granting summary judgment was entered. Technically, plaintiff is correct. However, when the April 1 and April 7, 1997 orders are considered together, it is apparent that they are both directed to defendants' motion for summary judgment In the April 1 order, I determined that plaintiff would be required to tie any claim of damages to markets identified in the first trial; in the April 7 order, I concluded that plaintiff would be unable to make this showing at trial. The April 7 order was an extension of the earlier order but both addressed plaintiff's ability to put into dispute at trial the issues on which it bore the burden of proof, specifically, causation and damages.

■ Plaintiff's attempt to reargue the motion for summary judgment should be reserved for appeal. Rule 59(e) motions are not intended to give the losing party the opportunity to reargue its entire case, *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995), or to file new evidentiary material that could have been filed before judgment was entered, *id.; Figgie International, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir.1992). Plaintiff's disagreement with the dismissal of its case does not entitle it to another round of argument or a trial; it had ample opportunity to make its arguments and develop its evidence during the briefing on the motion for summary judgment.

I will grant defendants' motion to strike the evidentiary materials that plaintiff submitted in support of its motion for reconsideration because plaintiff does not suggest that any of these materials include information it did have when the parties were briefing defendants' motion for summary judgment.

Finally, I will deny plaintiff's motion for attorney fees and non-taxable costs. As a nonprevailing party, plaintiff is not entitled to such fees and costs.

## ORDER

IT IS ORDERED that the motion of plaintiff Blue Cross & Blue Shield United of Wisconsin to alter and amend the judgment entered herein on April 8, 1997 is DENIED; the motion of defendants The Marshfield Clinic and Security Health Plan of Wisconsin, Inc. to alter and amend the judgment is GRANTED; and the clerk of court is directed to enter an amended judgment, adding to the language of the judgment the following:

> The order enjoining defendants Marshfield Clinic and Security Health Plan of Wisconsin, Inc. from forming or joining any contract, combination or conspiracy concerning the allocation of customers, territories, product or service markets, with any competing plans or groups, including but not limited to North Central Health Protection Plan and declaring void any agreements, understandings and contracts, whether written, oral or otherwise, concerning the allocation of customers, territories, product or service markets, with any competing plans or groups, including but not limited to North Central Health Protection Plan is VACATED. Nothing in the vacation of this order is intended to permit or authorize defendants to enter into any agreements or combinations that violation the antitrust laws or to immunize them from liability should they do so.

In all other respects, the judgment is to read as entered on April 8, 1997. FURTHER, IT IS ORDERED that defendants' motion to strike the submission by plaintiff of additional evidentiary materials in support of its motion to alter and amend the judgment is GRANTED and plaintiff's motion for an award of attorney fees and non-taxable costs is DENIED.